IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                                                  5:05cr30/MCR
                                                                                                           5:08cv141/MCR/MD

DAVID KIM LOCKART

---

### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 100). The government has filed a response (doc. 102) conceding that defendant may be entitled to relief. The defendant moved for an extension of time in which to respond (doc. 108), but no response was received within the time allotted. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Because the government has conceded that relief is warranted in this case, the court has chosen not to delay entry of this recommendation while waiting further for a response from the defendant.

**I. BACKGROUND**

Defendant pleaded guilty to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and possession of a firearm by a convicted felony in violation of 18 U.S.C. § 922(g)(1). He was represented by retained counsel Russell Ramey. After the court accepted defendant's guilty plea it ordered the preparation of a presentence investigation report.

The PSR calculated defendant's base offense level for count three at 20.  He received a two level upward adjustment pursuant to §2K2.1(b)(1)(A) because he possessed seven firearms, and a four level increase pursuant to §2K2.1(b)(5) because he was in possession of these firearms in connection with another felony offense (Possession of Cocaine and Cocaine Base With Intent to Distribute) as charged in Count 1.  After a three level adjustment for acceptance of responsibility, his total offense level was 23.  Defendant's Criminal History category was III and the applicable guidelines range was therefore 57-71 months.  He was sentenced to a guidelines term of 60 months imprisonment on Counts 1 and 3 to be served concurrently, and a consecutive statutory mandatory term of 60 months imprisonment on Count 2.

Defendant appealed, arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea to Count 2 of the indictment.  The Eleventh Circuit affirmed on April 13, 2007.  (Doc. 102, exh. A).

Defendant filed a consolidated motion for reduction of sentence under Title 18 U.S.C. § 3582(c)(23) and for habeas relief under title 18 § 2255 (doc. 93 & 97).  He was directed to file a § 2255 motion on the proper form, which he did, re-attaching the consolidated motion he had previously filed.  (Doc. 100).  With respect to the § 2255 motion, defendant has raised a single ground for relief.  He contends that counsel was constitutionally ineffective for his failure to object to the 4-level adjustment pursuant to § 2K2.1(b)(5) of the guidelines because it essentially penalized him a second time for the same possession of firearms for which he was charged in Count 2.  The government concedes that the case law provides that a defendant should not be punished twice for substantially the same harm.  *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003); *see also United States v. Goines*, 357 F.3d 469 (4th Cir. 2004).  In light of the fact that a mistake was made (see doc. 102, exh. B), the government "defers to the Court's judgment as to finding whether trial counsel's mistake rises to the level of ineffective assistance." (Doc. 102 at 12).

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct

fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or, relevant to this case, in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148

L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* Defendant clearly has met the *Strickland* test in this case.

At the time of sentencing, defendant's total offense level was 23 and his criminal history category was III, yielding a guideline range of imprisonment of 57 to 71 months (to be followed by the 60 month mandatory consecutive sentence on Count 2). Without the improper four level adjustment pursuant to § 2K2.1(b)(5), his total offense level would have been 19, and the applicable guidelines range would have been 37 to 46 months imprisonment (followed by the 60 month sentence on Count 2). The 60 month sentence defendant received was therefore well in excess of the appropriately calculated guidelines range, and this difference undeniably holds Sixth Amendment significance under *Glover*, supra. Although the initial error was that of the probation officer, the *Brown* case which the government and the probation officer concede are controlling was decided two years before defendant's sentencing and could have been the basis for a successful objection to the application of the § 2K2.1(b)(5) adjustment at sentencing. Counsel was therefore constitutionally ineffective for his failure to object, and defendant is entitled to be resentenced.

Based on the foregoing, it is respectfully RECOMMENDED:

The amended motion to vacate, set aside, or correct sentence (doc. 100) be GRANTED and defendant be re-sentenced within the recalculated guidelines range.

At Pensacola, Florida, this 29th day of August, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:05cr30/MCR; 5:08cv141/MCR/MD*

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).